IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE LOGAN,<br>No. R32033,<br><br>   Plaintiff,<br><br> vs.<br><br>LORI A. CADY,<br>FRANK B. EOVALDI,<br>C/O MAYBERRY,<br>DR. JOHN SHEPARD, and<br><br>   Defendants. | Case No. 13-cv-01163-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Eugene Logan, an inmate in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on injuries inflicted by correctional officers and his efforts to secure medical care.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

## The Complaint

According to the complaint, On August 20, 2012, while the west cell house was being searched and all inmates were handcuffed and held in the prison chapel, Plaintiff asked Nurse Lori A. Cady medical assistance for a hernia and needed medication. Cady, referring to Plaintiff as "Boy," denied Plaintiff treatment (*see* Doc. 1, p. 18). Plaintiff perceived that the term "Boy," was used as a racial slur, and evidence of why treatment was denied.

While in the chapel and still cuffed behind his back, Plaintiff was "maliciously and sadistically" struck on the back of the head by Sgt. Frank B. Eovaldi. Plaintiff lost consciousness and awoke in the health care unit, where C/O Mayberry tightened and twisted Plaintiff's cuffs, causing pain, nerve damage and scarring. Mayberry warned Plaintiff not to say anything about what had happened.

Dr. Shepard examined Plaintiff, ordered x-rays, and then discharged Plaintiff. C/O Mayberry escorted Plaintiff from the health care unit and warned him again not to say anything about being assaulted. Mayberry then placed Plaintiff in the shower area and proceeded to break Plaintiff's nose. Plaintiff told a passing lieutenant that Mayberry had broken his nose, but the unidentified lieutenant laughed, refused to help and commented, "I wonder how that happened?"

The next day, Plaintiff told Dr. Shepard that C/O Mayberry had broken his nose. Dr. Shepard told Plaintiff not to say that. Dr. Shepard did not prescribe any pain medication for more than a month, although a non-displaced nasal bony fracture was diagnosed on August 23, 2012 (*see* Doc. 1, p. 19).

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **Nurse Lori A. Cady was deliberately indifferent to Plaintiff's medical needs, motivated by racial animus, in violation of the Eighth and Fourteenth Amendments;**
>
> **Count 2:** **Sgt. Frank B. Eovaldi assaulted Plaintiff in violation of the Eighth Amendment;**
>
> **Count 3:** **C/O Mayberry assaulted Plaintiff in the health care unit and in the shower, in violation of the Eighth Amendment;**
>
> **Count 4:** **Dr. John Shepard was deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment; and**
>
> **Count 5:** **Lt. John Doe was deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment.**

Counts 1-5 state colorable constitutional claims, so all five counts shall proceed and service of process shall be ordered.

## Pending Motions

Plaintiff's pending motion for recruitment of counsel (Doc. 3) will be referred to a Magistrate Judge for consideration.

Plaintiff's motion "to demand a jury" that was omitted from the complaint (Doc. 6) will be granted. *See* Fed.R.Civ.P. 38(b). The jury demand (Doc. 6) will be served upon the defendants, along with the complaint and a copy of this order.

## Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1-5** shall proceed.

**IT IS FURTHER ORDERED** that Plaintiff's motion/jury demand (Doc. 6) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **LORI A. CADY**, **FRANK B. EOVALDI**, **C/O MAYBERRY** and **DR. JOHN SHEPARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, this Memorandum and Order, <u>and</u> a copy of Plaintiff's jury demand (Doc. 6) to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (Lt. John Doe) Defendant until such time as Plaintiff has identified him/her by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a

true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

> *s/ J. Phil Gilbert*
> **United States District Judge**